**RECORD NO. 14-4316**

In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**GEORGE WILLIAMS,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

_____

**BRIEF OF APPELLANT**

_____

**Theresa A. Kennedy**
**LAW OFFICES OF**
　**THERESA A. KENNEDY, LLC**
**P. O. Box 367**
**Washington, NJ  07782**
**(908) 239-6205**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**PAGE:**

TABLE OF AUTHORITIES ................................................................................... ii

NATURE OF THE APPEAL ..................................................................................1

STATEMENT OF JURISDICTION........................................................................2

STATEMENT OF THE ISSUE................................................................................3

STATEMENT OF THE CASE AND OF THE FACTS .........................................4

SUMMARY OF ARGUMENT ................................................................................6

ARGUMENT .............................................................................................................7

      I.     AFTER A THOROUGH AND EXTENSIVE SEARCH OF THE RECORD, COUNSEL FOR MR. WILLIAMS HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED...............................................................7

          A.    Standard of Review ........................................................................7

          B.    Discussion ........................................................................................7

CONCLUSION.......................................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

## CASES:

*Anders v. California*,
   386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ..........................1, 6, 7

*McCoy v. Wisconsin*,
   486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) .........................1, 6

*Penson v. Ohio*,
   488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) ..............................1, 6

*United States v. Copeland*,
   707 F.3d 522, 528 (4th Cir.) *cert. denied*, 134 S. Ct. 126 (2013) ...................9

*United States v. Davis*,
   689 F.3d 349, 355 (4th Cir. 2012) ...................................................................9

*United States v. DeFusco*,
   949 F.2d 114 (4th Cir. 1991) ............................................................................8

*United States v. Martinez*,
   277 F.3d 517 (4th Cir. 2002) ............................................................................8

## STATUTES:

18 U.S.C. § 924(c)(1)(A) ......................................................................................4

18 U.S.C. § 1962(d) .............................................................................................4

18 U.S.C. § 1963(a) .............................................................................................4

18 U.S.C. § 3231 ..................................................................................................2

28 U.S.C. § 1291 ..................................................................................................2

## SENTENCING GUIDELINE:

U.S.S.G. § 3B1.1(6) .............................................................................................4

**RULES:**

Fed. R. Crim. P. 11 ................................................................................... 4, 7, 8, 9

Fed. R. Crim. P. 11(b)(1) ................................................................................. 7

Fed. R. Crim. P. 11(b)(2) ................................................................................. 8

Fed. R. Crim. P. 11(b)(3) ................................................................................. 8

# NATURE OF THE APPEAL

Appellant George Williams is submitting this brief to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988). Undersigned counsel has determined, after a careful examination of the record in his case, that Mr. Williams has no meritorious grounds for direct appeal. Undersigned counsel has, however, set forth below an issue for the Court's consideration. A copy of this brief will be served on Mr. Williams and he will be informed of his right to file a *pro se* supplemental brief raising any additional issues within a reasonable time.

## **STATEMENT OF JURISDICTION**

This appeal is from a final judgment of conviction in the United States District Court for the Eastern District of Virginia, Alexandria, Division (Hon. Leonie M. Brinkeman, U.S. District Judge). The district court's subject matter jurisdiction was derived from 18 U.S.C. § 3231. This Court has jurisdiction by virtue of 28 U.S.C. § 1291. The judgment was filed in this matter on April 8, 2014.

Appellant filed his Notice of Appeal on April 18, 2014.

## **STATEMENT OF THE ISSUE**

After an extensive review of the entire record in this case, Counsel for the Defendant has concluded that there are no meritorious grounds to be raised on Mr. Williams' behalf. Nevertheless, the Appellant questions whether his plea was knowing and voluntary. Mr. Williams waived his appellate rights pursuant to a written plea agreement. (T1, Page 13).

This Court must review the entire record in this case to determine whether there are any Meritorious issues that counsel has overlooked.

## STATEMENT OF THE CASE AND OF THE FACTS

The Grand Jury for the Eastern District of Virginia returned an Indictment on August 29, 2013, charging Mr. Williams in Count 1 with conspiracy to commit racketeering, in violation of Title 18 U.S.C. §§ 1962(d) and 1963(a), Count 4, discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Mr. Williams executed a plea agreement on January 22, 2014, and the District Court conducted a Rule 11 hearing on January 22, 2014. The District Court then conducted the sentencing hearing on April 8, 2014.

The defendant objected to the Pre-Sentence Report. The defendant objected to the Probation Office applying the three-level enhancement, pursuant to U.S.S.G. § 3B1.1(6) which applies if the defendant was a manager or supervisor (but not organizer or leader) and the criminal activity which involved five or more participants was otherwise extensive. Counsel for the defendant George Williams argued that this enhancement should not be applied, because the defendant was out in a leadership position in the gang (Pre Sentence Report, Page A-1).

At the Rule 11 hearing on April 8, 2014, the District Court advised Mr. Williams of the essential elements of the offense, of the statutory penalties, and he insured that there was an independent basis in fact for the plea. The appellant then waived his appellate rights.

4

The District Court adopted the binding recommendations and sentenced Mr. Williams 144 months imprisonment, which consists of 24 months on Count 1, 10 years on Count 4.

The appellant then filed a Notice of Appeal to this Court on April 18, 2014.

## SUMMARY OF ARGUMENT

This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Counsel for the Defendant has determined, after a conscientious examination of the whole record that Mr. George Williams has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill the Defendant's desire to pursue an appeal from his conviction and sentence,

# ARGUMENT

I. **AFTER A THOROUGH AND EXTENSIVE SEARCH OF THE RECORD, COUNSEL FOR MR. WILLIAMS HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED.**

A. **Standard of Review**

The standard of review of an *Anders* submission is de novo of the entire record and all pertinent documents. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

B. **Discussion**

After a thorough and extensive search of the record, the undersigned has concluded that there are no meritorious grounds to be raised on Mr. Williams's behalf in this appeal. Though the undersigned has reached this conclusion, counsel does assert as alternative arguments that the Defendant's guilty plea was not knowingly or voluntarily entered.

Rule 11 of the Federal Rules of Criminal Procedure requires that the district court—prior to accepting a guilty plea—conduct a colloquy to inform the defendant of the charges to which he is pleading guilty, and to determine whether the defendant comprehends the nature of the charges, any mandatory minimum penalty, the maximum statutory penalty, and the rights the defendant waives by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court must also make sure that the defendant's plea is knowing and voluntary and that there is an independent

7

factual basis for the entry of the plea. Fed. R. Crim. P. 11(b)(2), (3). In reviewing a district court's Rule 11 colloquy, this Court affords deference to the district court's decision about how to conduct the colloquy. *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). If a defendant does not move to withdraw his guilty plea in the district court, or if no objections are raised to the Rule 11 colloquy, this Court reviews the colloquy for plain error. *United States v. Martinez*, 277 F.3d 517, 524-26 (4th Cir. 2002).

The Defendant did not move to withdraw his guilty plea, nor did he raise any objections to the Rule 11 colloquy. Upon a review of the transcript of the Rule 11 hearing, the district court advised the Defendant of the charges he was pleading guilty to; the essential elements that the Government must prove if the Defendant chose to go to trial; the maximum statutory penalty for Counts One and Four. Next, the district court advised Mr. Williams of the constitutional rights that he would be giving up, upon the acceptance of a guilty plea to Counts One and Four. Mr. George Williams indicated that he understood each of the above admonitions.

Further, the presentence report contained a detailed factual description of the offense of conviction and the relevant statutory penalties.

Mr. Williams waived his appellate rights. This Court should review de novo the validity of an appellate waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir.) *cert. denied*, 134 S. Ct. 126 (2013).

"Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstance". *See United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012). Thus, it appears that the District Court complied with Rule 11's requirements. On review of the record, the undersigned counsel concludes that Mr. Williams knowingly and intelligently plead guilty and waived his right to appeal his sentence.

## CONCLUSION

Appellant respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the District Court's judgment.

This, the 8th day of September, 2014.

>Theresa A. Kennedy
>/s/ *Theresa A. Kennedy*
>Attorney for Appellant George Williams
>P.O. Box 367
>Washington, NJ 07882-0367
>Phone:(908) 239-6205
>tkennedyesq@verizon.net

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,257</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ Theresa A. Kennedy
Theresa A. Kennedy

*Counsel for Appellant*

Dated:  September 8, 2014

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 8, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Adam B. Schwartz
> OFFICE OF THE UNITED STATES ATTORNEY
> 2100 JAMIESON AVENUE
> Alexandria, VA 22314 - 5194
> (703) 299-3916

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

> George F. Williams #82930-083
> FCI Fort Dix
> Federal Correctional Institution
> P.O. Box 2000
> Fort Dix, NJ 08640

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Ethan N. Greenberg
Ethan N. Greenberg
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219